U.S. BANKRUPTCY COURT
District of South Carolina

Case Number: 09-8987

ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY

The relief set forth on the following pages, for a total of 8 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**02/16/2010**



*signature*

US Bankruptcy Court Judge
District of South Carolina

Entered: 02/16/2010

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 09-08987-JW |
| | Chapter 11 |
| The Estates of Lake Blalock, LLC, | |
| | **ORDER GRANTING MOTION FOR** |
| Debtor(s). | **RELIEF FROM AUTOMATIC STAY** |

This matter comes before the Court on Lakeland Construction Finance, LLC's ("Lakeland") Amended Motion for Relief from the Automatic Stay ("Motion"). The Estates of Lake Blalock, LLC ("Debtor"), filed an Objection ("Objection") to the Motion, and the Court held a hearing on the Motion. At the hearing, the Debtor raised an objection to a revised appraisal offered into evidence by Lakeland, and the Court agreed to continue the hearing until February 18, 2010, for the limited purpose of allowing Debtor to cross examine Lakeland's real estate appraiser and present rebuttal evidence regarding the revised appraisal.

Based on a proposed Consent Order submitted by Debtor and Lakeland, which the Court chooses not to enter,[1] the Court recognizes that Debtor has agreed to withdraw its objection to Lakeland's revised appraisal and allow such document to be admitted into evidence and has further consented to a finding that it is a Single Asset Real Estate Case as defined by 11 U.S.C. § 101(51B). In light of Debtor's withdrawal of its objection to the revised appraisal, the Court finds that a further hearing on the Motion is unnecessary. Accordingly, the Court makes the following findings of fact and conclusions of law

---

[1] The proposed Consent Order provides for a continuance of the February 18, 2010 hearing until March 16, 2010, and further states that the Debtor (1) acknowledges that the periods described in 11 U.S.C. § 362(d)(2) expire on March 5, 2010, (2) consents that it is a Single Asset Real Estate Case as defined by 11 U.S.C. § 101(51B), (3) consents to withdraw its objection to Lakeland's revised appraisal and allow such document to be admitted into evidence, and (4) acknowledges Lakeland's right to object to any plan proposed by Debtor. In addition, the proposed Consent Order states that Lakeland acknowledges that it will amend its motion to include any causes of action under 11 U.S.C. § 362(d)(3).

pursuant to Fed. R. Civ. P. 52, which is made applicable to contested matters by Fed. R. Bankr. P. 7052 and 9014(c). [2]

**FINDINGS OF FACT**

1.  Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on December 1, 2009. Debtor's petition indicates that it is a single asset real estate case as defined by 11 U.S.C. § 101(51B).

2.  Debtor's only asset is 96.97 acres of land in Spartanburg County, South Carolina (the "Property"). Debtor's business is the development of the Property, which is has been designed as a single family residential subdivision known as Glen Harbour, and its income would generate from the sale of lots within the subdivision. Debtor's schedules indicate that the value of the Property is $7,200,000.00. No lots have been sold as of the date of the hearing on the Motion.

3.  Lakeland is the owner and holder of a real estate construction note from Debtor dated October 23, 2006 in the principal amount of $4,000,000.00, which was secured by a mortgage on the Property. Debtor defaulted on its obligations under the note and Lakeland instituted a foreclosure action in the Court of Common Pleas for Spartanburg County, South Carolina. On October 6, 2009, the state court issued an Order of Judgment of Foreclosure and Sale. Pursuant to that order, the Property was sold at a foreclosure sale on November 2, 2009 to Lakeland for $3,000,000.00. Since Lakeland had demanded a deficiency judgment, the bidding remained open for thirty (30) days and a final sale was scheduled for December 2, 2009.

4.  On the day prior to the scheduled date of the final sale, Debtor filed the

---

[2] To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such, and to the extent any conclusions of law constitute findings of fact, they are so adopted.

2

petition in this case, which stayed the final foreclosure sale.

5. The statement of financial affairs indicates Debtor is not currently generating income from the Property and did not generate income during the twelve-month period prior to the filing of the petition. Debtor's monthly operating report indicates that Debtor projected income for the month of December in the amount of $234,000.00 from the sale of lots, but no sales occurred and thus no actual income was received during this month.

6. On December 9, 2009, Lakeland filed a motion for relief from stay, which was subsequently amended on December 16, 2009. Lakeland seeks relief from the stay pursuant to 11 U.S.C. § 362(d)(1) and (2).[3]

7. On December 11, 2009, Lakeland filed a proof of claim, asserting a claim of $4,762,086.00, secured by the Property.

8. Debtor filed an objection to the Motion on December 26, 2009, contending that relief from stay would be improper because the Property is essential to an effective reorganization and there is substantial equity in the property.

9. At the hearing on the Motion, Lakeland offered into evidence two appraisals of the Property. The first appraisal, dated April 9, 2009 and prepared by James B. Mayo, provides an estimated "as is" value of the Property of $3,035,000.00. The second appraisal, dated January 26, 2010 and also prepared by James B. Mayo, provides that the estimated "as is" value is $2,415,000.00. Debtor offered into evidence an appraisal prepared by Glenn Gowan, dated December 15, 2009, which provides that the

---

[3] At the hearing, Lakeland orally moved to amend the Motion to add 11 U.S.C. § 362(d)(3) as an additional ground for relief. This request was denied based on Lakeland's failure to list § 362(d)(3) as a ground for its Motion within the certification of facts. The Court further finds it unnecessary to consider § 362(d)(3) as a ground for relief in light of its finding that relief is appropriate under §§ 362(d)(1) and (d)(2).

3

estimated total present net worth is $10,000,000.00. Further testimony was also presented indicating that the costs of completing the project were significant, that Debtor had been unable to obtain funding to complete the project, and that no lots were currently under contract for sale. Lakeland presented the testimony of Don Worley, the project engineer, who stated that no certified plat had yet been approved by Spartanburg County, which was a prerequisite to any lot sales. He estimated that the cost of completion of essential elements of the subdivision in order for Debtor to obtain a bonded plat would be $88,000.00, and without such plat, Debtor would be unable to sell any lots.

## **CONCLUSIONS OF LAW**

Lakeland seeks relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1), which provides the Court shall grant relief "for cause, including the lack of adequate protection of an interest in property of such party in interest," and pursuant to 11 U.S.C. § 362(d)(2), which provides that relief shall be granted if it is demonstrated "the debtor does not have an equity in such property" and "such property is not necessary to an effective reorganization." Lakeland bears the burden of proof on the validity of its lien, the amount of its debt, and Debtor's lack of equity. 11 U.S.C. § 362(g)(1); In re Henderson, 395 B.R. 893, 898 (D.S.C. 2008). Debtor bears the burden of proof on all other issues, including lack of cause, the existence of adequate protection, and the necessity of collateral for an effective reorganization that is within reasonable prospect. 11 U.S.C. § 362(g)(1); Henderson, 395 B.R. at 898-99.

   I. *Lakeland is Entitled to Relief from Stay Pursuant to 11 U.S.C. § 362(d)(1)*

Lakeland claims relief pursuant to § 362(d)(1) is appropriate on the ground its interest in the Property is not adequately protected. Adequate protection may be provided

4

by a creditor's equity cushion, or by periodic payments sufficient to compensate the creditor for a diminution in value of the creditor's collateral. Henderson, 395 B.R. at 899; see also Matter of East-West Assocs., 106 B.R. 767, 773 (S.D.N.Y. 1989) (citing United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., 484 U.S. 365, 370, 108 S. Ct. 626, 630 (1988)) ("[A] secured creditor has the right to receive protection for any decline in the value of the collateral during the automatic stay.").

Based on the evidence presented, the Court concludes that Lakeland is not adequately protected by the value of the Property. The credible testimony from Lakeland's appraiser and both appraisals presented by Lakeland demonstrate that the value of the Property is less than the amount of Lakeland's debt. Even if the Court relied solely on the April 9, 2009 appraisal, which provides the higher estimate of the current value of the Property of the two appraisals presented by Lakeland, it would be unable to find that an equity cushion exists in this Property because the debt owed to Lakeland substantially exceeds the value of the Property. Under either appraisal offered by Lakeland, the amount by which the debt exceeds the value of the Property is in excess of $1 million. Neither the amount of Lakeland's debt nor the existence of its first priority lien has been contested. The opposing testimony presented by Debtor's appraiser as to the current value of the Property is unpersuasive.

Moreover, Lakeland is not adequately protected by assurance of payment. Debtor has made no offer of adequate protection payments and the evidence before the Court indicates that there is no reasonable prospect of Debtor generating sufficient income to make adequate protection payments. To date, Debtor has not made a single payment to

Lakeland. Therefore, the Court finds that relief from stay should be granted pursuant to 11 U.S.C. § 362(d)(1).

### II. *Lakeland is Entitled to Relief from Stay Pursuant to 11 U.S.C § 362(d)(2)*

Lakeland further asserts that relief from the automatic stay is appropriate under 11 U.S.C. § 362(d)(2). Section 362(d)(2) allows relief to be granted where "the debtor does not have an equity in such property" and "such property is not necessary to an effective reorganization." As discussed above, Debtor's lack of equity in the Property has been established by the evidence presented in this case. Debtor contends that the Property is essential to an effective reorganization since it is Debtor's primary asset and the core of Debtor's business is to develop and sell the Property. However, "in order for property to be necessary for an effective reorganization, reorganization must be within reasonable prospect." Henderson, 395 B.R. at 900 (citing United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd., 484 U.S. 365, 376, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988)). The evidence before the Court indicates that Debtor faces substantial obstacles in order successfully reorganize. Debtor requires significant additional financing in order to complete the project to the point where it could begin selling lots, which it has thus far been unable to obtain. No credible or convincing evidence has been presented indicating a likelihood that Debtor will be able to obtain necessary financing or capital infusion in the near future. Debtor has sold no lots and none is under contract to be sold, thus it appears unlikely that the Property can generate sufficient income to make payments to Lakeland. It further appears that Debtor's ability to sell lots may be impaired by the fact that it has not yet obtained an approved certified plat of the Property and that other clean up or completion of construction may be necessary to effectively

market the Property against competing properties in light of the depressed sales market for such properties.  For the foregoing reasons, the Court finds that Debtor has failed to demonstrate that reorganization is within reasonable prospect.  Therefore, the automatic stay should be lifted as to the Property pursuant to 11 U.S.C § 362(d)(2).

## **CONCLUSION**

Based on the foregoing, the Motion is granted and the automatic stay is lifted pursuant to 11 U.S.C § 362(d)(1) and (2).

**AND IT IS SO ORDERED.**